United States District Court
Southern District of Texas
FILED

AUG 28 2020

David J. Bradley, Clerk

United States District Court
Southern District of Texas

**ENTERED**
August 28, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| PEDRO GARCIA-DIAZ, | § |
| | § |
| Plaintiff, | § |
| VS. | § MISC. ACTION NO. 7:14-MC-320 |
| | § |
| U.S. MARSHALS SERVICE, *et al.*, | § |
| | § |
| Defendants. | § |

### REPORT AND RECOMMENDATION

Plaintiff Pedro Garcia-Diaz initiated this civil rights action under 42 U.S.C. § 1983. His claims relate to an injury he sustained while exiting a bus during transport from the Hidalgo County Jail. (Docket No. 3.) Pursuant to the Prison Litigation Reform Act ("PLRA"), the Court informed Plaintiff of his obligation should he proceed in this action in forma pauperis. (*See* Docket No. 10.) The Court then ordered Plaintiff to provide a more definite statement of his claims. (Docket No. 11.) Plaintiff has not complied with the order, nor has he taken any other further action in this case. This order was returned as undeliverable. (Docket No. 12.)

As discussed below, Plaintiff has failed to prosecute this action, including failing to keep the Clerk advised of his current address and failing to comply with a court order. Accordingly, the undersigned recommends that this action be dismissed.

### I. BACKGROUND

Plaintiff filed this action in the United States District Court for the Northern District of Texas. (Docket No. 3.) He asserts civil rights claims pursuant to 42 U.S.C. § 1983. Plaintiff sued (1) the U.S. Marshals Service; (2) the U.S. Attorney General; and (3) Immigration & Naturalization Services. (*Id.* at 1.) Plaintiff appears to allege that he suffered a spinal injury

after suffering a fall while exiting a U.S. Marshals' transport bus at the Hidalgo County Jail. (*Id.* at 5–7.) As relief, Plaintiff seeks $250,000 for pain and suffering, $500,000 for "deliberate indifference," and $1 million for "gross negligence." (*Id.* at 8).

This case was transferred here from the United States District Court for the Northern District of Texas, Dallas Division. (Docket No. 5.) On April 19, 2016, the undersigned entered an order alerting Plaintiff to his obligations under the PLRA, should he wish to proceed with this action in forma pauperis. (Docket No. 10.) Plaintiff was notified that regardless of his in forma pauperis status, he would still be required to pay the entire $350 filing fee in installments when the funds were available in his prisoner's trust fund account. (*Id.* at 1.) Plaintiff was given an opportunity to seek voluntary dismissal prior to funds being withdrawn from his account. (*Id.* at 2.) Plaintiff was also informed that he must "keep the Clerk advised in writing of his current address and to file promptly a change of address when necessary." (*Id.*) Plaintiff was further warned that "[f]ailure to do so may be interpreted as failure to prosecute and may result in the dismissal of this case." (*Id.* (emphasis in original).)

On July 9, 2020, the Court ordered Plaintiff to provide a more definite statement of his claims within thirty (30) days of the date of the Court's order—i.e., by August 8, 2020. (Docket No. 11.) Plaintiff was warned that his "failure to comply as directed may result in the dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice." (*Id.* at 3.) To date, Plaintiff has not submitted his more definite statement. This order was returned as "undeliverable" on July 24, 2020. (Docket No. 12.)

## II. ANALYSIS

Plaintiff's claims are subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). Plaintiff has failed to comply with the relevant rules and to prosecute this action.

As a general rule, "litigants, including prisoners, 'bear the burden of filing notice of a change of address in such a way that will bring the attention of the court to the address change.'" *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004) (quoting *Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999)). This requirement is memorialized in the Southern District of Texas Local Rules, which provide that "[a] lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address." LR 83.4

Plaintiff has failed to provide an undated address to the Clerk as required by Local Rule 83.4. As described above, the last court document sent to Plaintiff was returned as undeliverable. (Docket No. 12). Additionally, Plaintiff has failed to comply with the Court's order that he "submit a more definite statement of the facts underlying his claim[.]" (*See* Docket No. 11, at 1.)

In short, Plaintiff has failed to prosecute this action. Because Plaintiff has failed to provide an updated address in compliance with Local Rule 83.4 and failed to provide a more

definite statement of his claims as ordered by the Court, this case should be dismissed for failure to prosecute. *See Lewis v. Hardy*, 248 F. App'x 589, 593 n.1 (5th Cir. 2007) (stating that "the failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute"); *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se litigants to keep apprised of their correct address); *Gates v. Strain*, 885 F.3d 874, 883 (5th Cir. 2018) (explaining that a district court may dismiss an action sua sponte for failure to prosecute); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440–41 (5th Cir. 2016) (explaining that a district court may dismiss an action sua sponte for failure to comply with court orders). No less drastic sanction is available here, given that the last court document was returned as undeliverable and the Court thus cannot communicate with Plaintiff.[1] *See Carey*, 856 F.2d at 1441 (dismissal without prejudice was the least drastic sanction where any attempt to provide further notice would be "a futile gesture" given pro se litigant's failure to provide a change of address).

### III. CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that this action be DISMISSED without prejudice based on Plaintiff's failure to prosecute.

### NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to Plaintiff, who has fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely

---

[1] A copy of this Report will be sent to Plaintiff at the address he provided. Should Plaintiff respond to the Report, the District Court may then wish to consider whether less drastic sanctions might be appropriate.

written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    DONE at McAllen, Texas August 28, 2020.

                                              Peter E. Ormsby  
                                         United States Magistrate Judge